[Cite as *Cincinnati Enquirer v. Cincinnati*, 2019-Ohio-1613.]

| | |
|---|---|
| THE CINCINNATI ENQUIRER, A DIVISION OF GANNETT GP MEDIA, INC. | Case No. 2018-01339PQ |
| | Judge Patrick M. McGrath |
| Requester | |
| | <u>ENTRY ADOPTING</u> |
| v. | <u>RECOMMENDATION OF</u> |
| | <u>SPECIAL MASTER</u> |
| CITY OF CINCINNATI | |
| Respondent | |

{¶1} On April 18, 2018, Reporter Sharon Coolidge made a public records request on behalf of requester Cincinnati Enquirer, a Division of Gannett GP Media, Inc. (Enquirer) to the council members of respondent City of Cincinnati that stated, in pertinent part:

> I am writing to request that you produce communications or correspondence (including e-mails and text messages) between five council members: P.G. Sittenfeld, Greg Landsman, Tamaya Dennard, Wendell Young and Chris Seelbach.
>
> The time frame for this request is from Jan. 1, 2018 to April 30, 2018.

(Complaint, Exh. A.) The Enquirer's counsel engaged in follow-up correspondence with the City (*Id.*, Exh. B-D), but no records were produced.

{¶2} On October 5, 2018, the Enquirer filed this action under R.C. 2743.75, alleging denial of access to public records by the City in violation of R.C. 149.43(B). Following mediation that resolved the email portion of the request, the City filed a response and motion to dismiss regarding the claim for production of text messages on the grounds that 1) text messages of council members on a personal, privately-paid cell phone are not records of the City and are not kept by the City, and, 2) the request was overly broad and therefore unenforceable.

{¶3} The special master found that text messages are subject to the Public Records Act if their content meets the definition of a "record" in R.C. 149.43(G) and the definition of "public record" in R.C. 149.43(A)(1). The special master found that storage in a personal, privately-paid cell phone did not automatically exclude a text message from either definition. The special master further found that the request was overly broad in asking for all communications between five officials, not limited by subject content, over a substantial period of four months. The special master found that the City had failed to offer the Enquirer information and opportunity to revise this overly broad request, in violation of R.C. 149.43(B)(2). The special master recommended that the court issue an order granting respondent's motion to dismiss the complaint because it is based on a request that was overly broad and therefore unenforceable.

{¶4} R.C. 2743.75(F)(2) states, in part: "Either party may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk * * * ." No objections were filed by either party. The court determines that there is no error of law or other defect evident on the face of the special master's decision. Therefore, the court adopts the special master's report and recommendation as its own, including findings of fact and conclusions of law contained therein.

{¶5} Court costs are assessed equally between the parties. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


_____
PATRICK M. MCGRATH
Judge


**Filed March 13, 2019**
**Sent to S.C. Reporter 4/30/19**